In the Matter of MARK A. MINTZ (Admitted as MARK ALLEN MINTZ), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 3, 1992

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Khadijah Muhammad-Starling* of counsel), for petitioner.

*Mark A. Mintz,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of New Jersey, dated January 21, 1992, the respondent was suspended from the practice of law in New Jersey for a period of two years, based upon his "violations of RPC [Rules of Professional Conduct] 1.3 (lack of due diligence); RPC 1.1 (a) (gross neglect); RPC 1.4 (failure to communicate); RPC 1.1 (b) (pattern of neglect); RPC 8.1 (b) (failure to cooperate with ethics authorities), and Rule 1:21-1 (a) (failure to maintain a bona fide office)".

On April 9, 1992, the respondent's mother, who stated that she was authorized by the respondent to accept service, was served in the instant proceeding with a notice pursuant to 22 NYCRR 691.3. The notice afforded the respondent 20 days within which to file a verified statement interposing certain enumerated defenses to the imposition of discipline in New York. The respondent has neither replied to the Grievance Committee's application nor demanded a hearing.

Accordingly, the respondent is suspended from the practice of law in New York for two years, effective immediately, with leave to apply for reinstatement upon proof that he has been readmitted to the Bar in New Jersey prior to the expiration of that time.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Mark A. Mintz, is suspended from the practice of law in New York for a period of two years, effective immediately, with leave to apply for reinstatement upon proof that he has been readmitted to the Bar in New Jersey before the expiration of that time; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Mark A. Mintz is commanded to desist and refrain (1) from practicing law in any form, either

as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.